IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

EDWARDO TORRES,

              Plaintiff,                  No. CIV S-11-2395 EFB P

     vs.

DEUEL VOCATIONAL INSTITUTION,
et al.,

              Defendants.              ORDER

_____/

Plaintiff is a former state prisoner proceeding pro se with this civil rights action under 42 U.S.C. § 1983. *See* September 26, 2011 Notice of Change of Address, Dckt. No. 6. In addition to filing a complaint, plaintiff has filed an application to proceed in forma pauperis. Plaintiff's application makes the showing required by 28 U.S.C. § 1915(a)(1) and (2).

This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1) and is before the undersigned pursuant to plaintiff's consent. Dckt. No. 7; *see* E.D. Cal. Local Rules, Appx. A, at (k)(4).

## I.  Screening Requirement and Standards

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion

of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b).

In order to avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-557 (2007). In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).

Furthermore, a claim upon which the court can grant relief has facial plausibility. *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949. When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007), and construe the complaint in the light most favorable to the plaintiff, *see Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

A *pro se* plaintiff must satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure. Rule 8(a)(2) "requires a complaint to include a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)).

## II.     Screening Order

### A.      Failure to State A Claim

The court has reviewed plaintiff's complaint pursuant to § 1915A and finds it does not state a cognizable claim. Plaintiff alleges that he was injured when his finger was slammed in a door when he bent over to pick up a book on his way to see a nurse. Although plaintiff's claim is purportedly brought under 42 U.S.C. § 1983, plaintiff has failed to allege any facts that

1    support such a claim.  In order to state a claim under § 1983, a plaintiff must allege: (1) the

2    violation of a federal constitutional or statutory right; and (2) that the violation was committed

3    by a person acting under the color of state law.  *See West v. Atkins*, 487 U.S. 42, 48 (1988).

4    Here, plaintiff does not allege any facts suggesting a violation of a federal constitutional or

5    statutory right or any facts suggesting improper conduct by a person or persons acting under

6    color of state law.  Thus, plaintiff's complaint must be dismissed

7         Plaintiff will be granted leave to file an amended complaint, if plaintiff can allege a

8    cognizable legal theory against a proper defendant and sufficient facts in support of that

9    cognizable legal theory.  *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc)

10   (district courts must afford pro se litigants an opportunity to amend to correct any deficiency in

11   their complaints).  Should plaintiff choose to file an amended complaint, the amended complaint

12   shall clearly set forth the claims and allegations against each defendant.

13        Plaintiff is hereby informed that an individual defendant is not liable on a civil rights

14   claim unless the facts establish the defendant's personal involvement in the constitutional

15   deprivation or a causal connection between the defendant's wrongful conduct and the alleged

16   constitutional deprivation.  *See Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989); *Johnson v.*

17   *Duffy*, 588 F.2d 740, 743-44 (9th Cir. 1978).  That is, plaintiff may not sue any official on the

18   theory that the official is liable for the unconstitutional conduct of his or her subordinates.

19   *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1948 (2009).  Because respondeat superior liability is

20   inapplicable to § 1983 suits, "a plaintiff must plead that each Government-official defendant,

21   through the official's own individual actions, has violated the Constitution." *Id.*  It is plaintiff's

22   responsibility to allege facts to state a plausible claim for relief.  *Iqbal*, 129 S. Ct. at 1949; *Moss*

23   *v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009).

24        Plaintiff is hereby informed that the Eighth Amendment protects prisoners from

25   inhumane methods of punishment and from inhumane conditions of confinement.  *Morgan v.*

26   *Morgensen*, 465 F.3d 1041, 1045 (9th Cir. 2006).  Extreme deprivations are required to make out

1  a conditions of confinement claim, and only those deprivations denying the minimal civilized

2  measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment

3  violation.  *Hudson v. McMillian*, 503 U.S. 1, 9 (1992).  Plaintiff must allege facts sufficient to

4  support a claim that prison officials knew of and disregarded a substantial risk of serious harm to

5  the plaintiff.  *E.g., Farmer v. Brennan*, 511 U.S. 825, 847 (1994); *Frost v. Agnos*, 152 F.3d 1124,

6  1128 (9th Cir. 1998).

7          Any amended complaint must cure the deficiencies identified herein and also be

8  complete in itself without reference to any prior pleading.  E.D. Cal. Local Rule 220; *see Loux v.*

9  *Rhay*, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original

10 pleading is superseded.

11         Plaintiff  may not change the nature of this suit by alleging new, unrelated claims in an

12 amended complaint.  *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot"

13 complaints).

14     **B.     Failure to Exhaust Administrative Remedies**

15         The Prison Litigation Reform Act of 1995, 42 U.S.C. § 1997e was amended to provide

16 that "[n]o action shall be brought with respect to prison conditions under section 1983 of this

17 title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional

18 facility until such administrative remedies as are available are exhausted."  42 U.S.C. § 1997e(a).

19 This requirement is mandatory and unequivocal.  *Booth v. Churner*, 532 U.S. 731, 741 (2001);

20 *McKinney v. Carey*, 311 F.3d 1198, 1200 (9th Cir. 2002) ("Congress could have written a statute

21 making exhaustion a precondition to judgment, but it did not.  The actual statue makes

22 exhaustion a precondition to *suit*.").  A prisoner seeking leave to proceed in forma pauperis in an

23 action challenging the conditions of his confinement brings an action for purposes of 42 U.S.C.

24 § 1997e when he submits his complaint to the court.  *Vaden v. Summerhill*, 449 F.3d 1047, 1050

25 (9th Cir. 2006).  Therefore, a prisoner must exhaust available administrative remedies before

26 filing any papers in federal court and is not entitled to a stay of judicial proceedings in order to

1   exhaust. *Id.* at 1051; *McKinney*, 311 F.3d 1198. *See also Rhodes v. Robinson*, 621 F.3d 1002, at

2   *6, 13 (9th Cir. 2010) (clarifying that the rule of *Vaden* and *McKinney* does not apply to new

3   claims raised in a supplemental complaint regarding conduct that occurred after the initial

4   complaint was filed).

5         California prisoners may appeal "any policy, decision, action, condition, or omission"

6   that the inmate can demonstrate "as having an adverse effect upon his or her welfare." Cal. Code

7   Regs. tit. 15, § 3084.1(a). The grievance process, as defined by California regulations, has three

8   levels of review to address an inmate's claims, subject to certain exceptions. *See* Cal. Code

9   Regs. tit. 15, § 3084.7. Administrative remedies generally are exhausted once a plaintiff has

10  received a "Director's Level Decision," or third level review, with respect to his issues or claims.

11  Cal. Code Regs. tit. 15, § 3084.1(b).

12        Here, plaintiff indicates that he began the administrative exhaustion process, but that the

13  process was not completed. Dckt. No. 1, § II. By signing an amended complaint, plaintiff

14  certifies that his claims are warranted by existing law, including the law that he properly exhaust

15  available administrative remedies. Plaintiff is hereby warned that for violation of this rule, he

16  risks dismissal of this action.

17  **III.    Conclusion**

18        Accordingly, the court hereby orders that:

19        1. Plaintiff's request to proceed in forma pauperis is granted.

20        2. The complaint is dismissed with leave to amend within 30 days. The amended

21  complaint must bear the docket number assigned to this case and be titled "First Amended

22  Complaint." Failure to comply with this order will result in this action being dismissed for

23  failure to state a claim. If plaintiff files an amended complaint stating a cognizable claim the

24  court will proceed with service of process by the United States Marshal.

25  Dated: April 6, 2012.

26                                      EDMUND F. BRENNAN
                                        UNITED STATES MAGISTRATE JUDGE